**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 161.]**

THE STATE OF OHIO, APPELLEE, *v*. SARGEANT, APPELLANT.

[Cite as *State v. Sargeant*, 1996-Ohio-332.]

*Criminal law—Operating motor vehicle under the influence of alcohol— Evidence—Chemical test to determine intoxication not rendered inadmissible by failure to advise accused of statutory right to another test provided by R.C. 4511.19(D)(3)—License suspended administratively pursuant to R.C. 4511.191, subsequent to arrest for violation of R.C. 4511.19—Subsequent prosecution of criminal drunk driving not precluded by Double Jeopardy Clauses of Ohio and United States Constitutions.*

(No. 95-2429—Submitted November 12, 1996—Decided December 11, 1996.)

APPEAL from the Court of Appeals for Butler County, No. CA95-03-049.

───────────────

*Bruce E. Fassler*, Middletown City Prosecutor, for appellee.

*Jackie Leigh Butler*, for appellant.

───────────────

{¶ 1} The following three propositions of law are raised by appellant in this appeal:

"Proposition of Law No. I:  The results of a breath alcohol test should be suppressed when one is not advised, pursuant to the requirements of R.C. 4511.19(D), of the right to an independent breath, blood or urine test.

"Proposition of Law II:  Prosecution for a violation of R.C. 4511.19(A)(3) is barred by the Double Jeopardy Clause of Section 10, Article I of the Ohio Constitution and the Fifth Amendment to the Constitution of the United States.

"Proposition of Law No. III:  It is an abuse of discretion not to overrule a motion to suppress results of a breath alcohol test when the state failed to meet the

burden set forth in Sections 3701-53 and 3701-53(D) [*sic*] of the Ohio Administrative Code."

{¶ 2} The judgment of the court of appeals on the first proposition of law is affirmed on the authority of *Hilliard v. Elfrink* (1996), 77 Ohio St.3d 155, 672 N.E.2d 166, decided today.

{¶ 3} The judgment of the court of appeals on the second proposition of law is affirmed on the authority of *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435.

{¶ 4} The third proposition of law is dismissed as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————